UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CHRISTOPHER YOUNG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STEVEN RICHARD BURLINGHAM, *et al.*,<br><br>　　　　Defendants. | Case No.  2:22-cv-01712-DAD-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, proceeding without counsel, commenced this action against Steven Richard Burlingham, "temporary/judge (attorney)"; David Louis Brown, Jr., attorney; Gregory Ralph Beyer, attorney; and Jennifer Schreiber, paralegal.  ECF No. 4 at 2-3.  Plaintiff is no stranger to this court, having now filed five cases against the same defendants, dealing primarily with the issues raised in this case.  *See Young v. Burlingham*, 2:21-cv-00537-TLN-KJN, *Young v. Burlingham*, 2:21-cv-1660-KJM-AC, *Young v. Burlingham*, 2:22-cv-00053-TLN-CKD, *Young v. Burlingham*, 2:22-cv-00590-JAM-CKD.  Pending before the court is Burlingham's motion to dismiss.[1]  I recommend granting Burlingham's motion and dismissing the complaint without leave to amend.

---

[1] The remaining defendants have not appeared, and it does not appear that they were properly served.  *See* ECF No. 5.  Indeed, plaintiff has not established jurisdiction over the non-

**Factual Allegations**

The allegations in plaintiff's first amended complaint are difficult to pin down. From what I can gather, the complaint alleges that defendants banded together to fraudulently induce plaintiff to sign a substitution of attorney form. ECF No. 4 at 1. That form, according to the complaint, released Burlingham from representing plaintiff's mother, Nellie Young. *Id.* at 4 at 5. Plaintiff also alleges that defendant Brown withheld from the court a "Capacity Declaration" form that the court was expecting. *Id.* at 1.

Plaintiff claims that defendants committed "fraud on the court" as set forth in "Cox v. Burke, 706 So.2d 43 47 Fla. 5th DAC 1998."[2] *Id.* at 4. Plaintiff seeks relief pursuant to Federal Rule of Civil Procedure 60(b)(6) and the Racketeer Influenced and Corrupt Organization Act ("RICO"). *Id.* at 4-5. Additionally, he claims that defendants violated California Penal Code section 115 by filing a false document with the court. *Id.* at 1. Plaintiff asserts that the actual damages exceed "Two million one hundred and nine thousand dollars." *Id.* at 6.

**Motion to Dismiss**

Burlingham advances four primary arguments. He argues that that the complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. ECF No. 7-1 at 9. In addition, he argues that plaintiff's claims are barred by the doctrines of res judicata and *Rooker-Feldman*.[3] *Id.* at 15, 17.

**I.  Legal Standards**

A party may move to dismiss a case for a lack of subject matter jurisdiction. Fed. R. Civ.

---

moving parties. I recommend *sua sponte* dismissal of plaintiff's claims against the non-moving defendants. *See Bonny v. Society of Lloyd's*, 3 F.3d 156, 161 (7th Cir. 1993) ("A court may grant a motion to dismiss even as to nonmoving defendants where the nonmoving defendants are in a position similar to that of moving defendants or where the claims against all defendants are integrally related.").

[2] *Cox v. Burke*, 706 So. 2d 43, 47 (Fla. Dist. Ct. App. 1998).

[3] Since I recommend dismissal without leave to amend under Federal Rules 12(b)(1) and 12(b)(6), it is unnecessary to reach defendant's remaining arguments. Notably, Judge Mendez dismissed plaintiff's complaint in 2:22-cv-00590 for lack of jurisdiction, as well as under res judicata and *Rooker-Feldman*, ECF Nos. 13 & 16.

P. 12(b)(1). A jurisdictional challenge made under Rule 12(b)(1) can be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial challenge, the moving party asserts that the allegations in the complaint are "insufficient on their face" to establish federal jurisdiction. *Id.* "Whether subject matter jurisdiction exists therefore does not depend on resolution of a factual dispute, but rather on the allegations in [the] complaint." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In evaluating such a claim, the court accepts the allegations as true, and the plaintiff need not present evidence outside the pleadings. *Id.*

In a factual challenge, the moving party "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010). The court does not simply accept the allegations in the complaint as true. *Safe Air*, 373 F.3d at 1039. Instead, it makes findings of fact, resolving any material factual disputes by independently evaluating the evidence. *Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944-45 (9th Cir. 2021). However, when "ruling on a jurisdictional motion involving factual issues [that] also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). Under this standard, "the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

1   For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The court construes a pro se litigant's complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), and will only dismiss a pro se complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

Dismissal under Rule 12(b)(6) can be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

**II.    Discussion**

A federal court may adjudicate only those cases over which it has been given jurisdiction by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U.S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U.S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).

Plaintiff asserts federal question as his basis for jurisdiction.[4] ECF No. 4 at 3. The first basis for federal question jurisdiction is plaintiff's claim for "Fraud Upon the Court, as set fourth in Cox v. Burke 706 So. 2d 43 47 Fla. 5th DCA 1998," for which he seeks relief under Federal Rule of Civil Procedure 60(b)(6). *Id.* He alleges that fraud on the court occurred during a state court proceeding.

Federal Rule of Civil Procedure 60(b) allows parties to seek relief from a final judgment, and fraud may justify relief. *See* Fed. R. Civ. P. 60(b)(3). The rule, however, applies only to a federal court's judgment. Federal district courts do not have appellate jurisdiction over state court judgments. 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). Thus, this claim cannot establish federal jurisdiction. *In re Reyes*, No. BAP EC-18-1229-BSL, 2019 WL 1759749, at *5 (B.A.P. 9th Cir. Apr. 19, 2019), *aff'd*, No. 19-60027, 2020 WL 3832557 (9th Cir. July 8, 2020) ("The law is quite clear that Civil Rule 60(b) applies to relief from judgment of a federal court; it does not provide a basis for subject matter jurisdiction over a claim for relief from a state court judgment.") (emphasis omitted); *Holder v. Simon*, 384 F. App'x 669 (9th Cir. 2010) ("Rule 60(b) does not provide a basis for subject matter jurisdiction over a claim for relief from a state court judgment."); *Garcia v. Honeywell Int'l, Inc.*, No. 13CV2399 DMS (WVG), 2014 WL 12199981, at *4 (S.D. Cal. Jan. 28, 2014) (dismissing with prejudice fraud on the court claim that could have been pursued in the rendering court).

Plaintiff also wrote in as a basis for federal jurisdiction "Racketeer influenced and corrupt Organizations." ECF No. 4 at 4. The complaint, however, contains no factual allegations in support of a RICO claim, and plaintiff's vague reference to RICO is insufficient to establish federal question jurisdiction. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (holding that under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint"); *Renfo v. Swift Transportation*, No. 1:17-cv-1349-LJO-BAM, 2018 WL 2734916, *2 (E.D. Cal. June 7, 2018) (holding that the plaintiff's vague and conclusory references to federal statutes, including RICO,

---

[4] Diversity jurisdiction does not lie here, as all defendants and plaintiff are residents of California. *See* ECF No. 4 at 2-3.

5

1  were insufficient to invoke federal question jurisdiction).

2  Finally, plaintiff cannot assert a claim under California Penal Code § 115 because that section does not provide for private rights of action. "[A] private right of action exists only if the language of the statute or its legislative history clearly indicates the Legislature intended to create such a right to sue for damages." *Wallace v. Mortg. Elec. Registration Sys., Inc.*, No. CV 11-8039-ODW-MRWX, 2012 WL 94485, at *3 (C.D. Cal. Jan. 11, 2012) (quoting *Vikco Ins. Servs., Inc. v. Ohio Indemnity Co.*, 70 Cal. App. 4th 55, 62, (Cal. Ct. App. 1999)).

**Conclusion**

Granting an opportunity to amend will not cure the complaint's deficiencies. Plaintiff has attempted to litigate the issues in the case numerous times without success. *See Young v. Burlingham*, 2:21-cv-00537-TLN-KJN (dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b)), *Young v. Burlingham*, 2:21-cv-1660-KJM-AC (dismissed with prejudice for lack of jurisdiction), *Young v. Burlingham*, 2:22-cv-00053-TLN-CKD (dismissed without prejudice for failure to comply with the local rules), *Young v. Burlingham*, 2:22-cv-00590-JAM-CKD (dismissed for lack of subject matter jurisdiction and as barred by res judicata).

Given that plaintiff's previous cases have been dismissed, there is no reason conclude that amendment will cure the deficiencies identified above. Therefore, I recommend that dismissal be without further leave to amend. *See Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks and citations omitted).

Accordingly, it is hereby RECOMMENDED that defendant's motion to dismiss, ECF No. 7, be granted, and that plaintiff's complaint be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response shall be served and filed

within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    July 31, 2023          /s/ Jeremy Peterson
                                             JEREMY D. PETERSON
                                             UNITED STATES MAGISTRATE JUDGE